Wilde J.
delivered the opinion of the Court. This is a cross bill filed for the purpose of redeeming a mortgage assigned by the mortgagee to Bigelow, and by virtue of which he is entitled, as has been already decided, to redeem of Willson the equity of redemption of a prior mortgage, *283 purchased by him at a sheriff’s sale on execution against the mortgager. Reed, who had purchased of Willson a part of the mortgaged premises, was made a party to the original bill, and "t was held that the plaintiff was entitled to redeem also as against him. He however having purchased of the mortgager his right to redeem, has since filed his cross bill to redeem of Bigelow. The question now is, whether from the facts agreed he has any right in equity to redeem the second mortgage. The objection is, that before the deed from the mortgager to Reed, the right in equity was attached and sold on execution to Bigelow, and if this sale was valid, it is admitted that the cross bill cannot be sustained.
The plaintiff’s counsel contends that nothing passed by the sheriff’s sale to Bigelow, because the right to redeem the same land had been before sold to Willson, and that the rights in equity to redeem mortgaged lands cannot be twice sold to satisfy the debts of the mortgager, without an intervening redemption. This objection would be fully maintained by the decision in the case of Kelly et ux. v. Beers, if there had not been a second mortgage. But after the sale of the equity to Willson, the mortgager had a right to redeem the equity, and it has already been decided that this right was assignable, though not attachable. The only reason why it was not attachable is, because the statute does not provide for the attachment of such a right. But if the mortgager assigns his right conditionally, so as to constitute a mortgage, he has a right to redeem such mortgage, and this right is attachable by the express words of the statute.
There is nothing in this position, that we can perceive, at all inconsistent with the principles laid down in the case of Kelly et ux. v. Beers. In that case the Court considered the legal rights of the parties, and it cannot be controverted, that by the first sale of the equity the mortgager’s whole legal estate passed ; but he had a right to redeem the equity, and when he assigns this right by way of mortgage, he has a right to redeem it back again by performance of the condition. This new right created by the second mortgage is, we think, attachable, and may be sold on execution. However such a right may be considered in a court of law, in equity it is con *284 sideréd as an interest in the land. Unless" it can be so considered, it is very clear that the plaintiff’s bill cannot be maintained. For if the mortgager’s right, after the first sale of the. equity, was a mere personal right of preemption, then the Court cannot decree a redemption in his favor. Neither can he deny that such a right was assignable, because he himself claims under an assignment from the mortgager, and now appeals to the equity jurisdiction of the court to enforce his right as an interest in the land. We therefore do not perceive how the plaintiff can avoid the dilemma suggested by the respondent. “ If the right in question is a right of redeeming mortgaged real estate, that right has been taken and sold on execution, and has become irredeemable in the hands of the purchaser. If it be not such a right, no suit can be maintained for its redemption.”
We have however no doubt, that the mortgager’s right to redeem the second mortgage was both assignable and attachable, as was suggested in the case of Clark v. Austin, 2 Pick. 528. It was a mere equitable interest, it is true, but it was a right to redeem a mortgage of an equitable interest in real estate, and as such was made liable to attachment by the obvious construction of the statute. The right of redeeming the first mortgage, and that of redeeming the second, were distinct rights, and the sale of one was not inconsistent with the sale of the other; for although the whole legal estate passed by the first sale, an equitable interest remained, which might be mortgaged, and being mortgaged, was subject to the right of redemption; and there seems no good reason why such a right, when it is deemed valuable, may not be taken in execution for the benefit of creditors.

Cross bill dismissed.